IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| JACQUELINE EGHRARI−SABET, | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-19-2055 |
| | * | |
| ENT, ALLERGY AND ASTHMA CENTER, PC | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION AND ORDER

Plaintiff Jacqueline Eghrari-Sabet, M.D. brings this civil action against her former employer, Defendant ENT, Allergy, and Asthma Center, P.C. ("ENTAAC"). ECF No. 1. She alleges breach of contract and retaliation under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h), based on her alleged wrongful termination. *Id*. A number of motions are currently pending before the Court, which will be resolved herein.

On March 5, 2020, Defendant filed an Answer and asserted a variety of counterclaims. ECF No. 18. On March 20, 2020, Plaintiff filed a Motion to Dismiss Counterclaims. ECF Nos. 19, 20. On April 13, 2020, Plaintiff filed a Motion for Sanctions claiming that the counterclaims were filed in bad faith. ECF No. 21. The following day, Defendant filed a Motion to Postpone Ruling on Plaintiff's Premature Motion for Sanctions and to Postpone a Scheduling Order, ECF No. 23, which it amended on April 17, 2020, ECF No. 24. Plaintiff opposed Defendant's Motion to Postpone on April 21, 2020, ECF No. 25, and Defendant filed a reply, ECF No. 26. On July 2, 2020, Defendant filed its Amended Answer and Counterclaims, ECF No. 27, as well as an Opposition to Plaintiff's Motion to Dismiss, ECF No. 28. In response, Plaintiff filed a Notice of

Withdrawal of its Motion to Dismiss, acknowledging that it was rendered moot by the filing of the amended counterclaims. ECF No. 29. Plaintiff then answered the counterclaims on July 23, 2020. ECF No. 30. The Court issued a Scheduling Order on October 2, 2020. ECF No. 31.

As a result of the withdrawal of the Motion to Dismiss and the issuance of the Scheduling Order, the only issue that has not been mooted is the Motion for Sanctions.

Plaintiff moves for sanctions, in the form of attorney's fees and costs, pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent authority, arguing that Defendant's initial counterclaims were so clearly deficient that the Court should conclude they were filed in bad faith and in order to unreasonably and vexatiously multiply proceedings. ECF No. 21. Under Federal Rule of Civil Procedure 11(b)(1), "[b]y presenting to the court a pleading . . . , an attorney . . . certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Rule 11 further provides that, "[i]f . . . the court determines that Rule 11(b) has been violated the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). However, Rule 11 also provides that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Defendant had until July 3, 2020, to withdraw or amend its counterclaims, and did so on July 2, 2020.[1] Therefore, the Court finds Rule 11 sanctions inappropriate based on the timely-filed Answer and Amended Counterclaims.

---

[1] Rule 11(c) allows the filing to be corrected "21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The filing deadline for the Opposition and the Answer were extended to July 3, 2020, pursuant to

Additionally, the Court finds that sanctions are not appropriate under Title 28, United States Code § 1927 or its inherent authority to impose sanctions. § 1927 states that any attorney "who so multiplies the proceedings in any case to increase costs unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The imposition of sanctions under this statute requires a clear showing of bad faith, but this standard is met "when the attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay." *Caseres v. S&R Mgmt. Co.*, Civil No. AW 12-1358, 2013 WL 5781582, at * 2 (D. Md. Oct. 24, 2013) (quoting *Shank v. Eagle Techs., Inc.*, No. RWT 10–2231, 2013 WL 4442033, at *2 (D. Md. Aug. 15, 2013) (internal marks omitted)). Additionally, the Court "has the inherent authority to impose sanctions against a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quoting *Thomas v. Ford Motor Co.*, 244 Fed. App'x 535, 538 (4th Cir. 2007) (internal marks omitted)).

Although the original counterclaims were deficient, the Court does not find evidence showing they were filed in bad faith or for the purpose of delay. Therefore, the Court will also deny Plaintiff's Motion for Sanctions under 28 U.S.C. § 1927 and the Court's inherent authority.

---

the Court's Standing Order related to its operations during the COVID pandemic, and the Court finds that the same deadline applied to the period by which Defendant could correct its counterclaims to avoid consideration of sanctions under Fed. R. Civ. P. 11(c)(2).

For the reasons stated herein, it is hereby ordered by the United States District Court for the District of Maryland that:

1. Plaintiff's Motion to Dismiss Counterclaims, ECF Nos. 19, 20, is **WITHDRAWN**;

2. Defendant's Motion to Postpone Ruling on Plaintiff's Premature Motion for Sanctions and to Postpone a Scheduling Order, ECF No. 23, is **DENIED** as moot;

3. Defendant's Motion to Amend its Motion to Postpone Ruling, ECF No. 24, is **DENIED** as moot; and

4. Plaintiff's Motion for Sanctions, ECF No. 21, is **DENIED**.


Date: <u>October 14, 2020</u>                    __/s/_____
                                                 GEORGE J. HAZEL
                                                 United States District Judge